UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIU MANAGEMENT, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-08-2719 |
| INFLATABLE ZONE INCORPORATED, | § § § | |
| *Defendant*. | § § | |

**Opinion and Order**

Pending before the Court is a Report and Recommendation (Dkt. 48) from the Magistrate Judge, dated December 18, 2009 which recommends that the motion for preliminary injunction of plaintiffs, PIU Management, LLC and Bounce Zone, Inc. *d/b/a* Pump It Up the Inflatable Party Zone, be granted. On January 11, 2010 the defendant, Inflatable Zone Incorporated, filed objections to the Report and Recommendation. On January 13, 2010, the plaintiffs' filed their response to the defendant's objections. On February 1, 2010, pursuant to an Order of this Court, the transcript of the evidentiary hearing conducted by the Magistrate Judge was filed. Under 28 U.S.C. §636(b)(1)(C), this Court was required to make a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

As required by the statute, this Court has conducted an independent, *de novo* assessment of the entire record in this case. While the Court will not, from the mere reading of the transcript, concur with the Magistrate Judge's credibility determination about the testimony of Warren Roberts concerning his lack of intent to infringe, Cf. Garcia v. Boldin, 691 F.2d 1172, 1179-80 (5th Cir. 1982), it, nevertheless, finds that all other findings and recommendations of the Magistrate Judge are well-founded in law and fact and they are, therefore, **ACCEPTED** and **ADOPTED** by this Court.

One matter not addressed by the parties during the evidentiary hearing or the Magistrate Judge in his Report and Recommendation was the need, if any, for the posting of a bond or other security by the plaintiffs to support the issuance of the preliminary injunction. The only testimony relevant to an appropriate amount of security was that of John Steidl who estimated the costs of compliance as minimal. In its objections, the defendant requests the Court to require security in the amount of $150,000.00. Under the present circumstances of this case, the Court finds that $1,000.00 is a reasonable amount of security to be required of the plaintiffs.

Accordingly, it is **ORDERED** that the objections (Dkt. 49) of defendant, Inflatable Zone Incorporated, are **OVERRULED** and that the motion for preliminary injunction (Dkt. 42) of plaintiffs, PIU Management, LLC and Bounce Zone, Inc. *d/b/a* Pump It Up the Inflatable Party Zone, is **GRANTED** on plaintiffs' giving of bond or other security in the sum of $1,000.00, to be approved by this Court.

It is further **ORDERED** that defendant, Inflatable Zone Incorporated, and all those in active concert or participation with it, are **ENJOINED** and **RESTRAINED** from advertising and selling any services and/or goods under "Inflatable Zone Incorporated," "Inflatable Zone Katy" and/or any similar or confusing marks; using those marks or similar, confusing marks in commerce; and using any photographs of plaintiffs' facilities to promote its business pending a trial on the merits of this action, or until further Order of this Court.

Signed at Houston, Texas on February 25, 2010.

Gray H. Miller
United States District Judge