UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIU Management, LLC, *et al.*, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action H-08-2719 |
| Inflatable Zone, Inc., | § § | |
| *Defendant*. | § § § | |

**Final Judgment and Permanent injunction**

On June 7, 2011, this case was called for trial. Bounce Zone, Inc. d/b/a Pump It Up The Inflatable Party Zone, Daniel Ritz, Jon Steidl, and Denise Steidl (collectively "Bounce Zone" or the "Bounce Zone Plaintiffs") are Plaintiffs in this matter. Inflatable Zone, Inc. ("Inflatable Zone") is the Defendant. PIU Management, LLC ("PIU"), was initially a Plaintiff in this matter, but settled with the Defendant.

Bounce Zone sued Inflatable Zone for false designation of origin under U.S.C. § 1125(a), tortuous interference with prospective relations, unfair competition by misappropriation, and unjust enrichment by taking of undue advantage. The Bounce Zone Plaintiffs appeared in person and through their representatives and through their attorney and announced ready for trial. The Defendant appeared through its representative and through its attorney and announced ready for trial.

After a jury was impaneled and sworn, it heard the evidence and arguments of counsel. On June 9, 2011, in response to the jury charge, the jury made findings that the court received, filed, and entered of record. The questions submitted to the jury and the jury's findings are part of the record (Dkt. 120) and are incorporated by reference.

The court hereby RENDERS judgment for the Bounce Zone Plaintiffs.

Therefore, the court orders that the Bounce Zone Plaintiffs recover damages from defendant in the sum of $125,000 (including $10,000 in punitive damages), prejudgment interest[1] on that sum at the annual rate of 5%, post-judgment interest[2] on the total sum at the annual rate of 0.16%, and court costs.[3]

The court further orders that Inflatable Zone along with its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all of those persons or entities acting in concert or participation with them, shall be and hereby are PERMANENTLY ENJOINED AND RESTRAINED FROM:

    a. Advertising and/or selling any goods or services under "Inflatable Zone Katy," "Inflatable Zone Incorporated," and/or any similar mark or mark confusingly similar to PIU's Inflatable Party Zone marks;

    b. Using "Inflatable Zone Katy," "Inflatable Zone Incorporated," and/or any similar mark or mark confusingly similar to PIU's Inflatable Party Zone marks as a trade name, company name, domain name or any source identifier, including as the name of a retail location (with

---

[1] Prejudgment interest is awarded as a matter of state law and, because there is no statutory basis for pre-judgment interest under Texas law, pre-judgment interest is granted as a matter of equity. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998). The applicable rate is the same rate as permitted under Texas law for post-judgment interest. *Id*. The current rate is set at 5%. TEX. FIN.CODE § 304.003.

[2] Post-judgment is governed by federal statute, and is currently set at 0.16%. 28 U.S.C. Section 1961(a).

[3] The amount of prejudgment interest earned under Texas Finance Code section 304.104 is not reduced under Section 304.105 because defendant did not make a written settlement offer that complied with Section 304.106.

"Inflatable Katy" being held herewith to not be confusingly similar to any of PIU's marks); and

c. Using photos of any PIU facility and/or PIU play structures in any advertising or trade dress.

The court further orders that Inflatable Zone along with its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all of those persons or entities acting in concert or participation with them, shall:

a. Permanently change its name so as not to include "Inflatable Zone Katy," "Inflatable Zone Incorporated," and/or any mark name similar to Pump It Up, Inflatable Party Zone, or any other mark owned by PIU or its affiliates;

b. Permanently change all the identifying information that was covered or removed as a result of the Preliminary Injunction within thirty days of this Judgment;

c. Permanently cover or remove any identifying information on Inflatable Zone's inflatables with suitable means that completely and permanently obscures the identifying information within thirty days of this Judgment;

d. Permanently remove similar identifying information from all signs and merchandise; and

e. Make Inflatable Zone's facility available for inspection by a Bounce Zone Plaintiff or PIU representative at a mutually agreeable time and date and take all reasonably requested steps to remove or cover marks in a manner consistent with this Permanent Injunction.

If the Bounce Zone Plaintiffs or PIU representative identifies items of non-compliance during this inspection, Inflatable Zone shall correct those items within three calendar days and make its facility available for another inspection to confirm compliance with this Judgment's prescriptions.

This is a FINAL JUDGMENT, and disposes of all claims and all parties, and is appealable.

The Court orders execution to issue for this judgment.

Signed at Houston, Texas on July 22, 2011.

_____
Gray H. Miller
United States District Judge